UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTINE NAPIERSKI, an aggrieved candidate
for public office in the Democratic Party, and
EUGENE E. NAPIERSKI, an enrolled voter of the         CIVIL ACTION
Democratic Party residing in the Town of
Guilderland, New York,

                              Plaintiffs,

                                                                          Case No. 1:18-cv-846
                                                                          (GTS/DJS)

            -against-

THE GUILDERLAND DEMOCRATIC COMMITTEE,
THE ALBANY COUNTY DEMOCRATIC
COMMITTEE, JACOB CRAWFORD, Individually
and as Chairman or Acting Chairman, Guilderland
Democratic Committee, JACK FLYNN, Individually
and as Chairman, Albany County Democratic
Committee, ALBANY COUNTY BOARD OF
ELECTIONS, MATTHEW J. CLYNE, in his official
capacity as Commissioner, Albany County Board
of Elections, RACHEL L. BLEDI, in her official
capacity as Commissioner, Albany County Board
of Elections, BRYAN M. CLENAHAN, Candidate
for Guilderland Town Justice, and GREGORY J.
WIER, Candidate for Guilderland Town Highway
Superintendent,

                                           Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER ON BEHALF OF
DEFENDANTS CRAWFORD AND GUILDERLAND DEMOCRATIC COMMITTEE**

Dated: July 23, 2018
                                              By: /s/ Daniel J. Centi
                                              Bar Roll # 505609
                                              Attorney for Jacob Crawford and GDC
                                              127 Great Oaks Blvd.
                                              Albany, New York 12203
                                              Tel. (518) 452-3710
                                              E-mail: DCenti@lawfcm.co

## PRELIMINARY STATEMENT

Defendants JACOB CRAWFORD ("CRAWFORD") and GUILDERLAND DEMOCRATIC COMMITTEE ("GDC") (collectively "defendants") submit this Memorandum of Law in opposition to the motion by plaintiffs CHRISTINE NAPIERSKI ("C. NAPIERSKI") and EUGENE E. NAPIERSKI ("E. NAPIERSKI") (collectively "plaintiffs") for an injunction and temporary restraining order enjoining defendants from conducting the duly-noticed party caucus pursuant to N.Y. Election Law 6-108 scheduled for June 26, 2018.

## RELEVANT FACTS

Plaintiffs commenced this proceeding by filing a complaint and presenting an order to show cause seeking injunctive relief without notice to defendants. The gravamen of plaintiffs' application is that the Democratic Party caucus scheduled under the applicable provision of state law should not proceed because the location of the caucus in Tawasentha Town Park ("Tawasentha") is not accessible to E. NAPIERSKI as defined by the Americans with Disabilities Act ("ADA") and that the caucus itself purportedly deprives plaintiffs of rights under the Unites States Constitution. Tawasentha has not, and will not, charge a fee for admission on the evening of the caucus. The park generally, and the pavilion area specifically, are compliant with the ADA. To ameliorate any potential concerns about accessibility, the GDC is willing, among other steps, to assure additional parking spaces immediately adjacent to the pavilion are designated and

reserved for handicapped individuals and that handicapped-accessible toilet facilities are in place.

As relevant to plaintiffs' claims concerning the constitutionality of the caucus, plaintiffs' claims of secrecy and voter suppression are belied by plaintiffs' efforts to solicit supporters of C. NAPIERSKI to attend the caucus through social media, direct mail, lawn signs, door-to-door canvassing and paid advertisement in the Altamont Enterprise, a weekly paper that reports on Guilderland politics and government. The caucus is the only method that the GDC can nominate candidates for town offices to be filled at the 2018 general election based upon the provisions of statute which, as detailed below, may only be changed by 2/3 vote of the GDC more than four months preceding the 2018 primary election for state and local offices. The GDC has nominated by caucus for many years, including recent years when the late Democratic chairman David Bosworth convened and attended the caucus in the scooter to which he was confined due to physical disability.

### ARGUMENT

**Plaintiffs have not, and cannot, show likelihood of success on the merits or a balance of hardships decidedly in their favor sufficient to justify the extraordinary relief of a federal injunction preventing a private political party from nominating its preferred candidates in a manner expressly authorized by valid state law.**

A party requesting a preliminary injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." North Am. Soccer League v. U.S. Soccer Fed'n, 883 F.3d 32, 37 (2d . Cir. 2018). As

set forth below, plaintiffs have not demonstrated likelihood of success on the merits of either the ADA claim or the claim under 42 USC 1983 because plaintiffs have not stated the requisite *prima facie* elements sufficient to justify an ADA injunction, plaintiffs failed to propose "reasonable accommodations" at Tawasentha sufficient to shift any burden to CRAWFORD or GDC, and the caucus is unquestionably a constitutionally permissible way to nominate a political party's preferred candidates.

Initially, defendants deny that they are subject to suit under the ADA because local political parties do not constitute "public entities" as defined by the ADA. Melton v. Orange County Democratic Party, 304 F.Supp2d 785 (M.D. North Carolina 2003) aff'd 111 Fed. Appx. 707 (4th Circuit 2004). This case cites the "technical manual" promulgated by U.S. Department of Justice, which lists the factors used to determine whether an organization is a "public entity" subject to Title II liability. CRAWFORD holds the office of chairman of GDC based not upon the vote of all voters or even all town Democrats, but rather a vote by members of the GDC, and GDC receives no federal funds or resources. GDC has no employees; its members hold uncompensated party office and generally volunteer to assist in the election of Democratic candidates, as opposed to providing services as defined by the ADA. CRAWFORD and GDC are not thus not proper defendants who may be enjoined or held liable under the ADA.

Assuming arguendo that defendants may be proper parties to so much of the proceeding as seeks injunctive relief under the ADA, the injunction should be denied because plaintiffs cannot state a *prima facie* ADA claim even if political parties are subject to suit. A poll site that is not ideally accessible does not necessarily constitute a violation of Title II or the Rehabilitation Act. To prove that E. NAPIERSKI would be deprived of an opportunity/benefit by reason of his disability, he must show that defendants failed to undertake some feasible measure to improve

accessibility. United Spinal Ass'n v. Board of Elections in City of New York, 882 F.Supp.2d 615 (SDNY 2012). If plaintiffs make a *prima facie* showing of discrimination in violation of the ADA and RA, they have the additional burden of "articulating reasonable accommodations that the defendant can make in order to comply with the ADA and RA" Id. quoting Kerrigan v. Philadelphia Board of Elections (ED Pennsylvania 2008), 2008 WL 3562521, at *10. Only when plaintiff E. NAPIERSKI suggests the existence of a plausible accommodation at Tawasentha, the cost of which does not clearly exceed its benefits, may he state a *prima facie* case that a reasonable accommodation is available sufficient to shift the burden of persuasion upon the defendants. United Spinal Ass'n v. Bd. of Elections in City of New York, supra, quoting Henrietta D v. Bloomberg, 331 F.2d 261 (2nd Cir. 2003). Even assuming the facts alleged by plaintiffs (and their architect), plaintiffs fail to suggest any reasonable accommodation at Tawasentha's pavillion, a failure of pleading that is fatal to the request to enjoin the caucus. Rather than proposing a reasonable accommodation at the "poll site", plaintiffs seek an extraordinary injunction and order not only delaying the scheduled caucus but effectively converting it to a primary election with multiple polling sites.

Plaintiffs' reliance on Disabled in Action v Bd. of Elections in City of New York, 752 F3d 189 [ 2d. Cir. 2014]), a case involving imposition of a remedial plan by the District Court as the result of multiple instances of inaccessible polling sites identified over the course of two years of surveying and litigation, is misplaced. This case outlines the factors that constituted "pervasive and recurring barriers" to access at poll sites resulting in a comprehensive remedial plan offered by the plaintiffs which the defendant Board of Elections neglected to implement or address adequately. Id. at 194. An injunction was sustained by the Second Circuit after efforts to remedy pervasive barriers to access failed and the BOE did not abide by the District Court's re-

medial order. Even then, the Second Circuit noted that the District Court was required to "tailor [a] remedy to fit the nature and extent of the violation." Id. at 198 quoting Yonkers, 837 F.2d at 1235. Moreover, even when the defendant is a local *government i.e. a "public entity"* (as opposed to a political party, as here), the Second Circuit recognized that any injunction should be exercised with "a proper respect for the integrity and function of local government institutions" consonant with principles of federalism. Id. at 198 quoting Jenkins, 495 U.S. at 51. Most importantly for the instant purposes, the Second Circuit reiterated that a public entity need not make structural changes to existing facilities when other methods effectively achieve compliance and that reasonable modifications need not include "any and all means." Id. at 197-198. Because defendants are willing to assure reasonable access to parking and bathroom facilities, and to consider any other reasonable accommodation proposed in good faith by plaintiffs, this Court need not even entertain an injunction that would unnecessarily burden the activity of the GDC, which itself enjoys constitutional rights to conduct its caucus without undue restraint. To the extent that the Court is not persuaded solely by the papers submitted in opposition to plaintiffs' motion for injunctive relief, defendants seeks an opportunity to present testimony and exhibits to support their contentions concerning accessibility of the park, including through the testimony of WIER.

Defendants further seek denial of that part of plaintiffs' motion for injunctive relief based upon alleged constitutional violations under 42 USC 1983. The relief sought by plaintiffs under 42 USC 1983 is foreclosed by New York State Bd. of Elections v. Lopez Torres, 552 U.S. 196 (2008), which held that political parties have an associational right to choose a candidate selection process that will, in its view, produce a nominee that best represents its platform. The Lopez case held that New York's judicial convention system of nominating Supreme Court Justice candidates was a permissible manner of candidate selection that was not analogous to ballot-access

requirements that unduly inhibit an "unsupported candidate" from vying for the party nomination. The Lopez case reaffirms that the party convention process (tantamount to a party caucus) is a permissible means for a political party to settle intra-party competition before the general election. Plaintiffs' claim that C. NAPIERSKI suffers a constitutional injury because other political parties in Guilderland nominate by petition/primary whereas the GDC nominates by caucus lacks support and contradicts settled precedent. American Party of Texas v. White, 415 U.S. 767, 94 S.Ct. 1296 (1974) (fact that small, "third" or "minor" parties must proceed by convention under state law when "major" parties may choose candidates by primary election does not violate the Equal Protection Clause). See also, Gilder v. Gulino, 2016 WL 871115 (EDNY 2016) (dismissing 1983 claims of candidate who alleged nomination of party's candidate in special election by convention without any possibility of obtaining ballot access by petition/primary violated First Amendment and Fourteenth Amendment/Equal Protection Clause rights). Notably, C. Napierski is actively soliciting supporters to attend the caucus and has petitioned to appear on the primary ballot as the nominee of other political parties, conclusively showing her access to a general election ballot position if she can garner enough support.

    The caucus is authorized by N.Y. Election Law 6-108. Albany County Democratic Committee rules permit a caucus and GDC rules authorize a caucus to the exclusion of the petition/primary nomination of candidates. The statute permits a town committee to change from caucus to primary by a vote of 2/3 of the town committee; any such rule change can only affect a primary held 4 months (or later) after the newly adopted "primary" rule is filed at the BOE. Thus, plaintiffs' request to change to a primary election method of nominating could not be effective in time for this year's election even if 2/3 of the town committee voted in favor of the rule change. The caucus allows for nominations from "the floor" and permits party members and

prospective candidates to directly interact and discuss the concerns of voters, candidate qualifications, and other aspects of protected political speech. Unlike a primary (which limits competition to party members or non-party members authorized by the party committee to compete for its ballot line), the caucus allows the direct nomination of Democrats or others from the floor. Thus, enjoining the caucus may inequitably affect not only Democrats who intend to attend and vote but also potential candidates (beyond those named here). Notably, C. NAPIERSKI has solicited her supporters to attend the caucus by direct mail, lawn signs, canvassing, social media, rallies, and advertisement in the weekly newspaper that covers town politics and government. Additionally, she has filed designating petitions seeking to be on the primary ballot of other political parties for the Town Justice position, such that she enjoys the same opportunity as any other candidate to obtain one or more ballot lines for the general election.

## CONCLUSION

CRAWFORD and GDC respectfully seek an order of this Court denying plaintiffs' motion seeking an injunction and/or temporary restraining order. Plaintiffs cannot demonstrate likelihood of succeeding on any claim.