UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINE M. NAPIERSKI, an aggrieved candidate
for public office in the Democratic Party, and
EUGENE E. NAPIERSKI, an enrolled voter of the
Democratic Party residing in the Town of
Guilderland, New York,

                              Plaintiffs,

            ANSWER

    -against-

THE GUILDERLAND DEMOCRATIC COMMITTEE,
THE ALBANY COUNTY DEMOCRATIC
COMMITTEE, JACOB CRAWFORD, Individually
and as Chairman or Acting Chairman, Guilderland
Democratic Committee, JACK FLYNN, Individually
and as Chairman, Albany County Democratic
Committee, ALBANY COUNTY BOARD OF
ELECTIONS, MATTHEW J. CLYNE, in his official
capacity as Commissioner, Albany County Board
of Elections, RACHEL L. BLEDI, in her official
capacity as Commissioner, Albany County Board
of Elections, BRYAN M. CLENAHAN, Candidate
for Guilderland Town Justice, and GREGORY J.
WIER, Candidate for Guilderland Town Highway
Superintendent,

                              Defendants.

Case No. 1:18-cv-846
(GTS/DJS)

_____

      Defendants the Guilderland Democratic Committee ("GDC") and Jacob Crawford ("Crawford"), by their attorneys Feeney and Centi, for an Answer to the complaint, respectfully allege and show the Court as follows:

      1.     The Preliminary Statement does not require an answer; to the extent an answer is required defendants deny same.

2. Paragraph 1 of the complaint is a Jury Demand and does not require an answer.

3. Paragraph 2 of the complaint states a legal conclusion for which no answer is required; to the extent that an answer is required, defendants deny the allegations.

4. Paragraph 3 of the complaint states a legal conclusion for which no answer is required; to the extent that an answer is required, defendants deny the allegations.

5. Paragraph 4 of the complaint states a legal conclusion for which no answer is required; to the extent that an answer is required, defendants deny the allegations.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 through 9 of the complaint.

7. Admit the allegations of paragraphs 10 and 11 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 12 of the complaint except admit that Crawford is Chairman of the GDC.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 13 of the complaint except admit that Flynn is Chairman of the ACDC.

10. Admit the allegations of paragraphs 14 through 21 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except admit that C. Napierski and Bryan Clenahan did apply for the position.

12. Admit the allegation in paragraph 23 that plaintiff C. Napierski was appointed to fill the position of Town Justice by the unanimous vote of the Town Board, and deny knowledge or information as to when she was sworn in.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 24 and 25 of the complaint.

14. Admit the allegations of paragraph 26 of the complaint.

15. Deny the allegations of paragraph 27 of the complaint.

16. Admit the GDC selects its candidates for town-wide offices by caucus, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the complaint.

17. Admit the allegations of paragraph 29 of the complaint.

18. Admit the allegations of paragraph 30 of the complaint, with exception that defendants deny threats and warnings to plaintiff as alleged.

19. Admit the allegations of paragraphs 31 and 32 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint.

21. Deny the allegations of paragraphs 34 through 36 of the complaint.

22. Admit the allegations of paragraph 37 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 38 and 39 of the complaint.

24. Deny the allegations of paragraphs 40 through 44 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the complaint.

26. Deny the allegations of paragraphs 46 and 47 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the complaint.

28. Admit the allegations of paragraph 49 of the complaint.

29. Deny the allegations of paragraphs 50 and 51 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 52 through 54 of the complaint.

31. Deny the allegations of paragraphs 55 through 62 of the complaint.

32. Paragraph 63 of the complaint cites statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 64 and 65 of the complaint.

34. Paragraph 66 of the complaint cites statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

35. Admit the allegations of paragraphs 67 and 68 of the complaint.

36. Paragraph 69 of the complaint cites statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the complaint.

38. Deny the allegations of paragraphs 71 through 78 of the complaint.

39. Paragraph 79 of the complaint cites statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

40. Deny the allegations of paragraphs 80 and 81 of the complaint.

41. Paragraphs 82 through 87 of the complaint cite law and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 88 and 89 of the complaint.

43. Deny the allegations of paragraphs 90 through 93 of the complaint.

44. Paragraphs 94 through 96 of the complaint cite statute or other law, and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

45. Deny the allegations of paragraphs 97 through 99 of the complaint.

46. Paragraphs 100 and 101 of the complaint cite statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

47. Deny paragraphs 102 and 103 of the complaint.

48. Admit the allegations of paragraphs 104 through 106 of the complaint.

49. Deny the allegations of paragraphs 107 and 108 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the complaint.

51. Deny the allegations of paragraphs 110 through 115 of the complaint.

52. Paragraphs 116 and 117 of the complaint cite statute and these defendants respectfully refer the Court to the wording of such law for its meaning and application.

53. Deny the allegations of paragraph 118 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

54. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

55. The complaint fails to join as necessary party the Town of Guilderland.

### THIRD AFFIRMATIVE DEFENSE

56. The complaint should be dismissed in whole or in part as moot inasmuch as the caucus referenced in the complaint has taken place.

## FOURTH AFFIRMATIVE DEFENSE

57.   Plaintiffs have waived objections to the conduct of the aforementioned caucus, having failed to make objections at the caucus.

## FIFTH AFFIRMATIVE DEFENSE

58.   Plaintiffs have failed to timely bring a claim against the validity of the caucus that has been held.

**WHEREFORE,** defendants GDC and Crawford demand: 1) trial by jury of all issues triable by jury herein; and 2) judgment dismissing the complaint in all respects, and costs, disbursements and attorneys' fees, together with such other and further relief the Court deems just and proper.

Dated: September 17, 2018

By: s/ Daniel J. Centi
Bar Roll #505609
Feeney and Centi
Attorneys for GDC and Crawford
127 Great Oaks Blvd.
Albany, New York 12203
Tel.: (518) 452-3710
Fax: (518) 452-3925
E-mail: DCenti@lawfcm.com