UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. NAPIERSKI, an aggrieved candidate for public office in the Democratic party, and EUGENE E. NAPIERSKI, an enrolled voter of the Democratic party residing in the Town of Guilderland,

                        Plaintiffs,

  -against-

THE GUILDERLAND DEMOCRATIC COMMITTEE, THE ALBANY COUNTY DEMOCRATIC COMMITTEE, JACOB CRAWFORD, Individually and as Chairman or Acting Chairman, JACK FLYNN, individually and as Chairman, Albany County Democratic Committee, ALBANY COUNTY BOARD OF ELECTIONS, MATTHEW J. CLYNE, in his official capacity as Commissioner, Albany County Board of Elections, RACHEL L. BLEDI, in her official capacity as Commissioner, Albany County Board of Elections, BRYAN M. CLENAHAN, Candidate for Guilderland Town Justice, AND GREGORY J. WIER, Candidate for Guilderland Town Highway Superintendent,

                        Defendants.

ANSWER BY DEFENDANTS ALBANY COUNTY BOARD OF ELECTION, MATTHEW J. CLYNE AND RACHEL L. BLEDI

Civil Action 1:18-cv-846 (MAD/DJS)

---

Defendants ALBANY COUNTY BOARD OF ELECTIONS, MATTHEW J. CLYNE, in his official capacity as Commissioner, Albany County Board of Elections, and RACHEL L. BLEDI, in her official capacity as Commissioner (hereinafter, together, the "Albany County Defendants") by and through their attorney, the Albany County Attorney Daniel C. Lynch (Tracy Murphy, *of counsel)*, as and for their Answer to Plaintiffs' Complaint filed July 18, 2018 (hereinafter, the "Complaint"), states as follows:

## AS TO PRELIMINARY STATEMENT:

      The first paragraph of the Complaint is unnumbered and contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in that paragraph as allegations, they are denied.

## AS TO JURY DEMAND:

1. Similar to the trial by jury demand made by the Plaintiffs in Paragraph 1 of the Complaint, the Albany County Defendants also demand a trial by jury in this case.

## AS TO JURISDICTION AND VENUE:

2. Paragraph 2 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 2 as allegations, they are denied.

3. Paragraph 3 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 4 as an allegation, it is denied.

4. Paragraph 4 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 4 as allegations, they are denied.

## AS TO PARTIES:

5. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 5 of the Complaint.

6. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 6 of the Complaint.

7. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 7 of the Complaint.

8. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 8 of the Complaint.

9. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 9 of the Complaint.

10. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegation contained in Paragraph 10 of the Complaint.

11. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 11 of the Complaint.

12. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in the first sentence of Paragraph 12 of the Complaint. The second sentence of Paragraph 12 of the Complaint contains a statement or conclusion of law not requiring a response.

13. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 13 of the Complaint. The second sentence of Paragraph 13 of the Complaint contains a statement or conclusion of law not requiring a response.

14. Admits the allegations contained in the first sentence of Paragraph 14 of the Complaint. The second sentence of Paragraph 14 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 14 as allegations, they are denied.

15. Admits the allegations contained in Paragraph 15 of the Complaint.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

18. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 18 of the Complaint.

19. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 19 of the Complaint.

20. Admits the allegations contained in the first sentence of Paragraph 20 of the Complaint. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in the second sentence of Paragraph 20 of the Complaint.

21. Admits that part of Paragraph 21 of the Complaint which alleges the announcement of a Town Justice vacancy and the resignation of former Town Justice Richard Sherwood and denies, for lack of knowledge or information sufficient to form a belief as to the truth, the remainder of the allegations contained in Paragraph 21 of the Complaint.

22. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 22 of the Complaint.

23. Admits that part of Paragraph 23 of the Complaint which alleges the appointment of Plaintiff C. Napierski to the court vacancy, and denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 23 of the Complaint.

24. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 24 of the Complaint.

25. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 25 of the Complaint.

26. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 26 of the Complaint.

27. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 27 of the Complaint.

28. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 28 of the Complaint.

29. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 29 of the Complaint.

30. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 30 of the Complaint.

31. Admits the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegation contained in Paragraph 32 of the Complaint.

33. Admits the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Admits that part of Paragraph 35 of the Complaint which alleges that Tawasentha Park has an admission fee requirement (NB: but only during certain hours), that a resident can enter without paying the admission fee if the resident's vehicle has a park sticker which can be obtained by providing proof of residency within the Town of Guilderland, and denies the remainder of the allegations contained in Paragraph 35, for lack of knowledge or information sufficient to form a belief as to their truth.

36. Admits that part of Paragraph 36 of the Complaint which alleges that vehicles must stop at Tawasentha Park's entrance booth and pay or display the park sticker (NB: but only during certain hours) and denies the remainder of the allegations contained in Paragraph 36, for lack of knowledge or information sufficient to form a belief as to the truth.

37. Denies the allegation contained in Paragraph 37 of the Complaint.

38. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 38 of the Complaint.

39. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 41 of the Complaint.

42. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in the first and second sentences of Paragraph 43 of the Complaint.  Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the remainder of the allegations contained in Paragraph 43 of the Complaint.

44. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 44 of the Complaint.

45. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegation contained in Paragraph 45 of the Complaint.

46. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 46 of the Complaint.

47. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 47 of the Complaint.

48. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 48 of the Complaint.

49. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 50 as allegations, they are denied.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 52 of the Complaint.

53. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 53 of the Complaint.

54. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 54 of the Complaint.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 58 of the Complaint.

59. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 59 of the Complaint.

60. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION:

62. Paragraph 62 of the Complaint does not contain a statement of fact requiring a response.

63. Paragraph 63 contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 63 as an allegation, it is denied.

64. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 64 of the Complaint.

65. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 66 as an allegation, it is denied.

67. Admits the allegation contained in Paragraph 67 of the Complaint.

68. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegation contained in Paragraph 68 of the Complaint.

69. Paragraph 69 contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 69 as an allegation, it is denied.

70. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegation contained in Paragraph 70 of the Complaint.

71. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 71 of the Complaint.

72. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 73 as allegations, they are denied.

74. Paragraph 74 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 74 as allegations, they are denied.

### AS TO THE SECOND CAUSE OF ACTION:

75. Paragraph 75 of the Complaint does not contain a statement of fact requiring a response.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in the first sentence of Paragraph 77. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the remainder of the allegations contained in Paragraph 77.

78. Paragraph 78 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 78 as allegations, they are denied.

79. Paragraph 79 of the Complaint contains statements or conclusions of law not requiring a response.

80. Paragraph 80 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 80 as allegations, they are denied.

### AS TO THE THIRD CAUSE OF ACTION:

81. Paragraph 81 of the Complaint does not contain a statement of fact requiring a response.

82. Paragraph 82 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 82 as an allegation, it is admitted.

83. Paragraph 83 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 83 as an allegation, it is denied.

84. Paragraph 84 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 84 as an allegation, it is denied.

85. Paragraph 85 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 85 as an allegation, it is denied.

86. Paragraph 86 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 86 as allegations, they are denied.

87. Paragraph 87 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 87 as an allegation, it is admitted.

88. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 88 of the Complaint.

89. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 89 of the Complaint.

90. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 90 of the Complaint.

91. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 91 of the Complaint.

92. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 92 of the Complaint.

93. Denies the allegations contained in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 94 as allegations, they are denied.

95. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 95 of the Complaint.

96. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 97 as allegations, they are denied.

98. Paragraph 98 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 98 as an allegation, it is denied.

## AS TO THE FOURTH CAUSE OF ACTION:

99. Paragraph 99 of the Complaint does not contain a statement of fact requiring a response.

100. Paragraph 100 contains a statement or conclusion of law not requiring a response.

101. Paragraph 101 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 101 as an allegation, it is denied, for lack of knowledge or information sufficient to form a belief as to the truth.

102. Paragraph 102 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 102 as an allegation, it is denied.

## AS FOR THE FIFTH CAUSE OF ACTION:

103. Paragraph 103 of the Complaint does not contain a statement of fact requiring a response.

104. Admits the allegations contained in the first sentence of Paragraph 104 of the Complaint.  The allegations contained in the second sentence of Paragraph 104 contain a statement or conclusion of law not requiring a response.

105. Paragraph 105 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 105 as an allegation, it is denied, for lack of knowledge or information sufficient to form a belief as to the truth.

106. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 106 of the Complaint.

107. Denies the allegations contained in Paragraph 107 of the Complaint.

108. Denies the allegations contained in Paragraph 108 of the Complaint.

109. Denies, for lack of knowledge or information sufficient to form a belief as to the truth, the allegations contained in Paragraph 109 of the Complaint.

110. Denies the allegations contained in Paragraph 110 of the Complaint.

111. Denies the allegations contained in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 112 as an allegation, it is denied.

113. Paragraph 113 of the Complaint contains statements or conclusions of law not requiring a response, and to the extent the Court interprets Plaintiffs' statements contained in Paragraph 113 as allegations, they are denied.

114. Paragraph 114 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 114 as an allegation, it is denied.

## AS TO THE SIXTH CAUSE OF ACTION:

115. Paragraph 115 of the Complaint does not contain a statement of fact requiring a response.

116. Paragraph 116 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 116 as an allegation, it is admitted.

117. Paragraph 117 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 117 as an allegation, it is admitted.

118. Paragraph 118 of the Complaint contains a statement or conclusion of law not requiring a response, and to the extent the Court interprets Plaintiffs' statement contained in Paragraph 118 as an allegation, it is denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

119. Plaintiffs fail to state a claim upon which relief can be granted by the Court, specifically, although the names of the Albany County Defendants are stated in the Fifth Cause of Action of the Complaint, neither that cause of action nor any other cause of action alleges any liability by or against the Albany County Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

120. Plaintiffs' claims should be dismissed as moot in that the caucus in dispute took place on July 26, 2018, pursuant to the Court's order dated July 24, 2018, the Plaintiffs have not appealed said order, and/or the latest date in time for finalization of the November 6, 2018 general election ballot under N.Y. Election Law is almost due.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

121. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or res judicata in that their claims regarding the caucus in dispute were decided by the Court in its order dated July 24, 2018.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

122. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or waiver in that, *inter alia*, the caucus in dispute took place on July 25, 2018, pursuant to court order dated July 24, 2018, and the Plaintiffs did not raise any objections at or during said caucus.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

123. Plaintiffs' claims are barred, in whole or in part, because the Albany County Defendants acted in accordance with all applicable statutes, laws, and regulations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

124. Plaintiffs' claims are barred, in whole or in part, because the conduct of the Albany County Defendants was reasonable and justified under the circumstances and was not in violation of Plaintiffs' rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

125. The Plaintiffs' constitutional and statutory claims fail as a matter of law because there is no municipal policy or custom or practice which allegedly caused any constitutional or statutory violation nor is there any policy, statement, ordinance, regulation or decision officially adopted, promulgated or otherwise ratified by the Albany County Defendants that authorized or construed to authorize a deprivation of Plaintiffs' constitutional or statutory rights; therefore, the action should be dismissed as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

126. The Plaintiffs' liability claims fail as a matter of law because the Plaintiffs have failed to show how any of the Albany County Defendants were personally involved in any of the alleged constitutional or statutory violations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

127. Any action or inaction on the part of the Albany County Defendants which is alleged by the Plaintiffs is *de minimus* and insubstantial and as such fails to state a claim.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

128. The Complaint fails to state any actions or inaction on the part of the Albany County Defendants which gives rise to a violation of Plaintiffs' constitutional or statutory rights.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

129. The liability, if any, of the Albany County Defendants is limited pursuant to Article 16 of the New York Civil Practice Laws and Rules.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

130. Any and all alleged injuries and damages sustained by the Plaintiffs at the times and places set forth in the Complaint were caused in whole or in part by Plaintiffs without any negligence, lack of care or fault of the Albany County Defendants, including, but not limited to, Plaintiff Christine Napierski not disclosing, prior to her temporary appointment to the Guilderland Town Court in April 2018, her failure to appear in Guilderland Town Court regarding her November 2017 speeding ticket and the subsequent loss of her driver's license.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

131. Any and all alleged injuries and damages sustained by the Plaintiffs at the times and places set forth in the Complaint were caused by Plaintiffs' own intentional acts, including, but not limited to, Plaintiff Christine Napierski waiting until July 2018 to send a letter to the Altamont Enterprise, disclosing her failure to appear in Guilderland Town Court regarding her November 2017 speeding ticket and the subsequent loss of her driver's license.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

132. The Plaintiffs' claims are barred, in whole or in part, by the doctrines of absolute immunity and/or qualified immunity.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

133. Based upon the vague and conclusory terms laid forth in the Complaint, the Albany County Defendants cannot finally determine all affirmative defenses that may be applicable to this action; thus, the Albany County Defendants hereby reserve the right to assert any and all additional affirmative defenses which may later become applicable.

**WHEREFORE**, the Albany County Defendants respectfully request:

(a)  a judgment dismissing Plaintiffs' Complaint in its entirety as against them;
(b)  an award of the costs and disbursements of defending this action; and

(c)      for such other and further relief that the Court deems just and proper.

Date:  September 18, 2018        /s/ *Tracy Murphy*
                                        Tracy Murphy
                                        Bar Roll No. 506444
                                        Albany County Attorney's Office
                                        Attorney for Albany County Defendants
                                        112 State Street, Room 600
                                        Albany, New York 12207
                                        Tracy.Murphy@albanycountyny.gov
                                        Phone: (518) 447-7110
                                        Fax:   (518) 447-5564