UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------

CHRISTINE M. NAPIERSKI, an aggrieved candidate
for public office in the Democratic Party, and
EUGENE E. NAPIERSKI, an enrolled voter of the
Democratic Party residing in the Town of
Guilderland, New York,

                                        Plaintiffs,            ANSWER

      -against-                                   1:18-cv-846 (GTS/DJS)

THE GUILDERLAND DEMOCRATIC COMMITTEE,
THE ALBANY COUNTY DEMOCRATIC
COMMITTEE, JACOB CRAWFORD, individually
and as Chairman or Acting Chairman, Guilderland
Democratic Committee, JACK FLYNN, individually
and as Chairman, Albany County Democratic
Committee, ALBANY COUNTY BOARD OF
ELECTIONS, MATTHEW J. CLYNE, in his official
Capacity as Commissioner, Albany County Board of
Elections, RACHEL L. BLEDI, in her official capacity
As Commissioner, Albany County Board of Elections,
BRYAN M. CLENAHAN, Candidate for Guilderland
Town Justice, and GREGORY J. WIER, Candidate for
Guilderland Town Highway Superintendent,

                                        Defendants.
_____

        Defendants, THE ALBANY COUNTY DEMOCRATIC COMMITTEE and JACK FLYNN, individually and as Chairman of the Albany County Democratic Committee, by and through their attorneys, W.T.LITTLE LAW, PLLC., as and for an Answer to the Complaint, respectfully allege and submit as follows:

        1.      The preliminary statement does not require an Answer, however, to the extent that an Answer is requested the defendants deny the allegations.

2. The defendants deny the allegations contained in paragraph "1" of the complaint but respectfully submit that the jury demand does not require an Answer.

3. Answering Defendants deny the allegations contained in Paragraph "2" of the Complaint.

4. Answering Defendants deny the allegations contained in Paragraph "3" of the Complaint.

5. Answering Defendants deny the allegations contained in Paragraph "4" of the Complaint.

6. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs "5" through "9" of the Complaint.

7. Admit the allegations contained in Paragraph "10" of the Complaint.

8. Answering defendants Admit that the Albany County Democratic is a County Committee of the New York State Democratic Party and deny the remaining allegations of Paragraph "11" as a question of law for the court.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

10. Admit that the defendant Jack Flynn is the Chairman of the ACDC and deny the remaining allegations of Paragraph "13" of the complaint and refer all questions of law to the court.

11. Admit that the defendant ACDC is a County Committee and deny the remaining allegations of Paragraph "14" of the complaint and refer all questions of law to the court. \

12. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "15" through "22" of the Complaint.

13. Admit that the plaintiff C. Napierski was appointed to the vacancy and sworn in as Town Justice and deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "23" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "24" through "25" of the Complaint.

15. Admit that the defendant Clenahan is a County Legislator and deny knowledge or information as to the truth thereof as to the allegations contained in paragraph "26" of the Complaint.

16. Deny the allegations contained in paragraph "27" of the Complaint.

17. Admit that the GDC selects it candidates by caucus and deny the remaining allegations contained in paragraph "28" of the Complaint.

18. Admit the allegations contained in Paragraph "29" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "30" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "31" through "33" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "34" of the Complaint.

22. Deny the allegations contained in paragraph "35" through "36" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "37" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "38" through "39" of the Complaint.

25. Deny the allegations contained in paragraphs "40" through "44" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "45" of the Complaint.

27. Deny the allegations contained in paragraphs "46" through "47" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "48" and "49" of the Complaint.

29. Deny knowledge or information and refer all questions of law to the court as to the allegations contained in paragraph "50" of the Complaint.

30. Deny the allegations contained in paragraph "51" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "52" through "54" of the Complaint.

32. Deny the allegations contained in paragraph "55" through "62" of the Complaint.

33. Admit the allegations contained in paragraph "63" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "64" through "65" of the Complaint.

35. Admit the allegations contained in paragraph "66" of the complaint that Tawasentha Park is a place of public accommodation and deny the remaining allegations of paragraph "66" and refer all questions of law to the Court.

36. Admit that the Town of Guilderland charges a fee to reserve the Large Pavilion as contained in paragraph "67' of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "68" of the Complaint.

38. Deny the allegations contained in paragraph "69" of the Complaint and refer all questions of law to the Court.

39. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "70".

40. Deny the allegations contained in paragraphs "71" through "78" of the Complaint.

41. Deny the allegations that the GDC implemented a poll tax as contained in paragraph "79" of the Complaint and deny the remaining allegations to refer all questions of law to the court.

42. Deny the allegations contained in paragraph "80" and "81" of the Complaint.

43. Deny and refer all questions of law to the court as to paragraphs "82" through "87" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraphs "88" through "89" of the Complaint.

45. Deny the allegations contained in paragraphs "90" through "93" of the Complaint.

46. Deny and refer all questions of law to the court as to paragraph "94" of the Complaint.

47. Admit that parties enjoy a First Amendment right and deny and refer all questions of law to the court as to the remaining allegations contained in paragraphs "95" through "96" of the Complaint.

48. Deny the allegations contained in paragraphs "97" and "98" of the Complaint.

49. Deny the allegations contained in paragraph "99" of the Complaint.

50. Defendant refers all questions of law to the court as to the allegations contained in paragraphs "100" and "101" of the Complaint.

51. Deny the allegations contained in paragraphs "102" and "103" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "104" of the Complaint.

53. Admit the allegations contained in paragraphs "105" through "106" of the Complaint.

54. Deny the allegations contained in paragraphs "107" through "108" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth thereof as to the allegations contained in paragraph "109" of the Complaint.

56. Deny the allegations contained in paragraphs "110" through "115" of the Complaint.

57. Admits that the New York State Human Rights Law prohibits discrimination and refers the remaining allegations contained in paragraphs "116" and "117" to the court as questions of law.

58. Deny the allegations contained in paragraph "118" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### TO THE PLAINTIFF'S COMPLAINT THE DEFENDANTS ALLEGE:

59. That the complaint failed to state a cause of action against the defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE
TO THE PLAINTIFF'S COMPLAINT THE DEFENDANTS ALLEGE:**

60. The Plaintiff has failed to name a necessary party to the action.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO
THE PLAINTIFF'S COMPLAINT, THE DEFENDANTS ALLEGE:**

61. That the instant action is barred by the applicable statute of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO
THE PLAINTIFF'S COMPLAINT, THE DEFENDANTS ALLEGE:**

62. The court should not proceed in the absence of a party who should be a party.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO
THE PLAINTIFF'S COMPLAINT, THE DEFENDANTS ALLEGE:**

63. The complaint should be dismissed in whole or in part as moot inasmuch as the caucus referenced in the complaint has occurred.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO
THE PLAINTIFF'S COMPLAINT, THE DEFENDANTS ALLEGE:**

64. The complaint should be dismissed as the issues and controversies contained in the complaint has been decided in whole or in part by this court.

**WHEREFORE,** defendants ACDC and Jack Flynn demand: 1 trial by jury of all issues triable by the jury herein; and 2) judgment dismissing the complaint in its entirety, with costs, fees, disbursements, together with such other and further relief as the Court deems just and proper.

Dated: September 19, 2018                W.T. LITTLE, PLLC.

By:       _____/s _____
          WILLIAM T. LITTLE, Esq.
N.D.N.Y. Bar Roll No. 513706
*Attorneys for defendants, ACDC and Jack Flynn*
21 Colvin Avenue
Albany, New York 12206
Telephone No.: (518) 543-5291