UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. NAPIERSKI, an aggrieved candidate
for public office in the Democratic Party, and
EUGENE E. NAPIERSKI, an enrolled voter of the              CIVIL ACTION
Democratic Party residing in the Town of Guilderland, New York,

                                               Plaintiffs,

-against-

                                  Case No. 1:18-cv-846 (MAD/DJS)

THE GUILDERLAND DEMOCRATIC COMMITTEE,
THE ALBANY COUNTY DEMOCRATIC COMMITTEE,
JACOB CRAWFORD, individually and as Chairman,
Guilderland Democratic Committee, JACK FLYNN,
individually and as Chairman, Albany County Democratic
Committee, ALBANY COUNTY BOARD OF ELECTIONS,
MATTHEW J. CLYNE, in his official capacity as Commissioner,
Albany County Board of Elections, RACHEL L. BLEDI,
in her official capacity as Commissioner, Albany County Board
of Elections, BRYAN M. CLENAHAN, Candidate for
Guilderland Town Justice, and GREGORY J. WIER,
Candidate for Guilderland Town Highway Superintendent,
                                              Defendants.

---

       Defendant, Bryan M. Clenahan, Candidate for Guilderland Town Justice, by and through my attorney, Alejandra N. Paulino, as and for an Answer to the Complaint, respectfully allege and submit as follows:

1. The preliminary statement does not require an Answer, however, to the extent that an Answer is requested the defendant deny the allegations.

2. Denies the allegations contained in paragraph "1" of the Complaint but respectfully submit that the jury demand does not require an Answer.

3. Denies the allegations contained in Paragraph "2" of the Complaint.

4. Denies the allegations contained in Paragraph "3" of the Complaint.

5. Denies the allegations contained in Paragraph "4" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "5" through "9" of the Complaint

7. Admit the allegations contained in Paragraph "10" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" through "13" of the Complaint.

9. Admit the allegations contained in Paragraph "14" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" through "21" of the Complaint.

11. Admit that the defendant, Bryan M. Clenahan, did submit an application expressing his interest in the appointment for Town Justice, but denies knowledge or information sufficient to form a belief as to the rest of the allegations contained in Paragraph "22" of the Complaint.

12. Admit that the plaintiff, C. Napierski was appointed to the vacancy and sworn in as a Town Justice and denies knowledge or information sufficient to form a belief as to the rest of the allegations contained in Paragraph "23" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "24" through "25" of the Complaint.

14. Admits to the allegations in Paragraph "26" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of the Complaint.

16. Admits that the Guilderland Democratic Committee selects its candidates by caucus and denies the remaining allegations in Paragraph "28" of the Complaint.

17. Admits the allegations in Paragraph "29" of the Complaint.

18. Admits that defendant Bryan M. Clenahan interviewed and was endorsed by the Guilderland Democratic Committee for the appointment of Town Justice, but denies knowledge or information sufficient to form a belief as to the rest of the allegations contained in Paragraph "30" of the Complaint

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "31" through "49" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "50" of the Complaint and refer all questions of law to the Court.
21. Denies the allegations contained in Paragraph "51" of the Complaint.
22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52" through "54" of the Complaint.
23. Denies the allegations contained in Paragraph "55" through "62" of the Complaint.
24. Admit the allegations contained in Paragraph "63" of the Complaint.
25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "64" through "65" of the Complaint.
26. Admit the allegation contained in Paragraph "66" of the Complaint that Tawasentha Park is place of public accommodation and deny the remaining allegations referring all questions of law to the Court.
27. Admit the allegation contained in Paragraph "67" of the Complaint that the Town of Guilderland charges a fee to reserve the Large Pavilion at the Tawasentha Park.
28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "68" of the Complaint.
29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "69" of the Complaint and refer all questions of law to the Court.
30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "70" of the Complaint.
31. Denies the allegations contained in Paragraph "71" through "78" of the Complaint.
32. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "79" of the Complaint and refer all questions of law to the Court.

33. Denies the allegations contained in Paragraph "80" and "81" of the Complaint.
34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "82" through "87" of the Complaint and refer all questions of law to the Court.
35. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "88" through " 93" of the Complaint.
36. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "94" of the Complaint and refer all questions of law to the Court.
37. Admits that all parties enjoy a First Amendment right and denies and refers all questions of law to the Court as to the allegations contained in Paragraph "96" of the Complaint.
38. Denies the allegations contained in Paragraph "97" through "99" of the Complaint.
39. Defendant refers all questions of law to the Court as to the allegations contained in Paragraph "100" and "101" of the Complaint.
40. Denies the allegations contained in Paragraph "102" through "103" of the Complaint.
41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "104" of the Complaint.
42. Admits the allegations contained in Paragraph "105" and "106" of the Complaint.
43. Denies the allegations contained in Paragraph "107" through "108" of the Complaint.
44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "109" of the Complaint.
45. Denies the allegations contained in Paragraph "110" through "115" of the Complaint.

46. Admits that NYS Human Rights Law prohibits discrimination and refers all questions of law to the Court as to the allegations contained in Paragraph "116" and "117" of the Complaint.

47. Denies the allegation contained in Paragraph "118" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

48. That the Complaint failed to state a cause of action against the Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

49. The Plaintiffs failed to name a necessary party to the action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

50. That the instant action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

51. The Court should not proceed in the absence of a party who should be a party.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

52. The Complaint should be dismissed in whole or in part as moot as to the caucus. It has already occurred and candidates decided.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE PLAINTIFFS COMPLAINT, THE DEFENDANT ALLEGE:

53. The Complaint should be dismissed because the Court has decided the issues and controversies contained in the Complaint.

**WHEREFORE**, defendant, Bryan M. Clenahan demand: 1) trial by jury of all issues triable by the jury; 2) judgment dismissing the Complaint the complaint in its entirety, with costs, fees, disbursements, together with such other and further relief as the Court deems just and proper.

Dated: September 19, 2018

*Alejandra N. Paulino, Esq.*
Bar Roll No. 514247
paulinolaw@gmail.com
518.458.2444 ext.20
518.458.2448 *(fax)*