UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINE M. NAPIERSKI, an aggrieved candidate for public office in the Democratic Party, and EUGENE E. NAPIERSKI, an enrolled voter of the Democratic Party residing in the Town of Guilderland,

                                                Plaintiffs,

vs.

THE GUILDERLAND DEMOCRATIC COMMITTEE, THE ALBANY COUNTY DEMOCRATIC COMMITTEE, JACOB CRAWFORD, Individually and as Chairman or Acting Chairman, Guilderland Democratic Committee, JACK FLYNN, individually and as Chairman or Acting Chairman, Albany County Democratic Committee, ALBANY COUNTY BOARD OF ELECTIONS, MATTHEW J. CLYNE, in his official capacity as Commissioner, Albany County Board of Elections, RACHEL L. BLEDI, in her official capacity as Commissioner, Albany County Board of Elections, BRYAN M. CLENAHAN, Candidate for Guilderland Town Justice, and GREGORY J. WIER, Candidate for Guilderland Town Highway Superintendent.

                                                Defendants.

════════════════════════════════════════════════

### DEFENDANT GREGORY J. WIER'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Case 1:18-cv-00846  GTS/DJS

════════════════════════════════════════════════

                            Peter G. Barber, Esq.
                            Bar Roll No. 301523
                            Attorneys for Defendant Gregory J. Wier
                            P.O. Box 1521
                            Albany, New York, 12203
                            Telephone:    518-369-3754

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................... i

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

    POINT I

        THE COMPLAINT'S ALLEGATIONS REGARDING
        THE JULY 26TH CAUCUS ARE MOOT ....................................................................... 2

    POINT II

        THE COMPLAINT FAILS TO STATE A VIABLE CLAIM……………. 5

        A.    The First Cause Of Action Fails To State A Violation Of The
                Americans With Disabilities Act ......................................................................... 5

        B.    The Second Cause Of Action Fails To Support A Violation
                Of The Voting Rights Act ..................................................................................... 7

        C.    The Third Cause Of Action Fails To State A Claim For Violation Of
                The Equal Protection Clause…………………………………….. 7

        D.    The Fourth Cause Of Action That The Caucus Method Is
                Unconstitutional Is Without Merit……………………………………. 8

        E.    The Fifth Cause Of Action For Alleged Violation Of 42 USC §1983
                Is Meritless……………………………………………………………… 9

        F.    The Sixth Cause Of Action Fails To State A Claim For Alleged
                Violation Of The Nys Human Rights Law………………………. 10

CONCLUSION ............................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

Burdick v. Takushi, 504 U.S. 428 (1992)………………………………………….. 9

Freedom Party v. NYS Board of Elections, 77 F.3d 660 (2nd Cir. 1996)……………….. 3

Haase v. Silver, 140 Fed. Appx. 274 (2nd Cir. 2005)……………………………………. 4

Hartnett v. Fielding Graduate Institute, 400 F.Supp.3d 570 (S.D.N.Y. 2005)………….. 10

J.S. ex rel. N.S. v. Attica Central School, 386 F.3d 107 (2nd Cir. 2004)…………………. 1

Knaust v. City of Kingston, 157 F.3d 86 (2nd Cir. 1998)………………………………… 2

Makarova v. United States, 201 F.3rd 110 (2nd Cir. 2000)……………………………... 2

Munro v. Socialist Workers Party, 479 U.S. 189 (1986)………………………………… 9

New York City Employees' Retirement System v. Dole Food Co., 969 F.2d 1430
(2nd Cir. 1992)…………………………………………………………………………….. 4

NYS Board of Elections v. Lopez Torres, 552 U.S. 196 (2008)………………………… 9

Presnick v. Bysiewicz, 297 F.Supp.2d 431 (D. Conn. 2003)…………………………….. 4

Roberts v. Royal Atlantic Corp., 445 F.Supp.2d 239 (E.D.N.Y. 2006)……………….…10

Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 217 (1986)………………... 8

United Spinal Ass'n v. Board of Elections in City of New York, 882 F.Supp.2d 615
(SDNY 2012)…………………………………………………………………………….. 6

Van Wie v. Pataki, 267 F.3d 109 (2nd Cir. 2001)………………………………………… 3

Zahra v. Town of Southold, 48 F.3d 674 (2nd Cir. 1995)………………………………… 7

## PRELIMINARY STATEMENT

At its core, plaintiffs' complaint sought to prevent defendant Guilderland Democratic Committee ("GDC") from holding its July 26th caucus to nominate its candidate for Town Justice.  That effort failed when this Court, in its Decision and Order dated July 24, 2018 (Dkt. No. 30), denied plaintiffs' motion for a preliminary injunction seeking to bar the caucus.  But, in the end, the July 26th caucus was held under this Court's conditions proposed and agreed upon by defendants.  With plaintiffs neither filing objections with defendant Albany County Board of Elections ("BOE") nor commencing a special proceeding in NYS Supreme Court to challenge the certified caucus results, this action is now moot.  And, if not mooted by the holding of the caucus, the complaint's causes of action fail to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

For purposes of the motion to dismiss, defendant Gregory Wier assumes, as true, the material allegations in the complaint.  Pursuant to Fed.R.Civ.P. 12(b)(1), the certified nomination of candidates at the caucus is submitted with the declaration of defendant Albany County Election Commissioner Matthew J. Clyne because it establishes that there are no longer any "live cases or controversies" for this Court's consideration.  See J.S. ex rel. N.S. v. Attica Central School, 386 F.3d 107, 110 (2nd Cir. 2004).

## ARGUMENT

## POINT I

### THE COMPLAINT'S ALLEGATIONS REGARDING THE JULY 26TH CAUCUS ARE MOOT

This Court's jurisdiction is based upon Article III of the Constitution which requires "live cases and controversies." "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(6) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3rd 110, 113 (2nd Cir. 2000). Where, as here, the complaint's causes of action relate to the specific date, time, and location of the caucus, the holding of that caucus, and the lack of timely objections to the certified caucus results, renders this action moot. See Knaust v. City of Kingston, 157 F.3d 86, 88 (2nd Cir. 1998).

The July 26, 2018 caucus of the defendant GDC to nominate its candidates for the positions of Town Justice and Town Superintendent of Highways was conducted under the conditions of this Court's Decision and Order (Dkt. No. 30). Defendant Matthew J. Clyne, Democratic Elections Commissioner, observed the caucus proceedings and filed the original certificate of nomination with defendant Albany County BOE on August 7, 2018. No person filed any objection, pursuant to NYS Election Law §6-154, with defendant Albany County BOE with respect to the filed certificate of nomination, nor has any special proceeding been commenced, pursuant to NYS Election Law §16-102, to invalidate the certificate of nomination or the underlying caucus proceedings, and the

time within which to do so has now expired.  As a result, this action is now moot.  See Freedom Party v. NYS Board of Elections, 77 F.3d 660, 662-63 (2nd Cir. 1996).

Any claimed exception to the mootness doctrine based upon the action raising issues that are "capable of repetition, yet evading review" is not applicable.  To prevail upon this exception, plaintiffs must demonstrate that: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."  See Van Wie v. Pataki, 267 F.3d 109, 113 (2nd Cir. 2001).  Neither requirement is present.

The July 26th caucus was held pursuant to this Court's Decision and Order which set conditions for its holding at Tawasentha Park's large pavilion.  The complaint is replete with allegations specific to the holding of the caucus at this precise location including concerns about large pavilion's grades, surfaces, bathroom stalls, capacity, see Comp. ¶¶39, 71-72, and inadequate handicapped parking, see id. ¶¶38, 70.  In fact, the complaint expressly "ask this Court to declare the caucus method as used by the GDC **in this instance** as violative of the U.S. Constitution and federal law …."  See Comp. "Preliminary Statement").

Whether a future caucus would be held next year at the same location with the "same complaining party" is little more than sheer speculation.   But even if next year's caucus were held at the same location with the "same complaining party," there is no basis to suggest that defendant GDC and the Town would not adhere to the same

3

modifications or that they would not be responsive to requests for additional changes. See Haase v. Silver, 140 Fed. Appx. 274, 276 (2nd Cir. 2005); Presnick v. Bysiewicz, 297 F.Supp.2d 431, 435 (D. Conn. 2003).

In addition, NYS Election Law §6-108(1) allows defendant GDC's members to change the nomination process from a caucus to a primary. Whether or not defendant GDC would change to a primary process is also speculation and that future vote to change does not have to take place until at least four months prior to the State's primary in 2019. And whether plaintiffs would even be "the same complaining party" is dependent upon further speculation on whether plaintiff Napierski, as the Conservative Party's candidate for Town Justice (https://altamontenterprise.com/07192018/napierski-judge-all-people), is elected to a four-year term in this year's November election.

Even beyond the speculative nature of future caucuses, future election results, or future potential change to a primary system, plaintiffs had the opportunity to file objections, under NYS Election Law §6-154, to the conducting of the caucus. No objections were filed with defendant Albany County BOE. See Clyne Dec. at ¶4. Plaintiffs also elected not to commence a special proceeding under NYS Election Law §16-102 to challenge the certified nomination of candidates. See id. Plaintiffs also elected not to appeal the Decision and Order to the Second Circuit and seek to preserve its effort to force a primary on September 13th. As held in New York City Employees' Retirement System v. Dole Food Co., 969 F.2d 1430, 1435 (2nd Cir. 1992), "[w]here

4

prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review."

Finally, defendant Gregory J. Wier was apparently named as a necessary defendant because he was defendant GDC's endorsed candidate for Highway Superintendent. As noted above, at the caucus, defendant Wier received the nomination of defendant GDC, and no party has filed any objection to the caucus results. See Clyne Dec. at ¶4. As such, defendant Wier is no longer a necessary party and should not be required to further participate in this action.

## POINT II

## THE COMPLAINT FAILS TO STATE A VIABLE CLAIM

Even if the complaint's allegations are not moot by the holding of the July 26th caucus, the complaint fails to state a cause of action under Fed.R.Civ.P. 12(b)(6).

### A. THE FIRST CAUSE OF ACTION FAILS TO STATE A VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

In the complaint's first cause of action, defendants allege that the holding of the July 26th caucus at the large pavilion at Tawasentha Park would violate the rights of plaintiff Eugene Napierski under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. See Comp. ¶63. Among the alleged ADA deficiencies were the large pavilion's grades, surfaces, bathroom stalls, capacity, and handicapped parking. See Comp. ¶¶38-39, 70-72.

5

To prove a *prima facie* case, the complaint must show that defendants failed to undertake some feasible measure to improve accessibility.  United Spinal Ass'n v. Board of Elections in City of New York, 882 F.Supp.2d 615 (SDNY 2012).  The complaint must also articulate "reasonable accommodations that the defendant can make in order to comply with the ADA" Id. quoting Kerrigan v. Philadelphia Board of Elections (ED Pa. 2008), 2008 WL 3562521, at *10.

Here, the complaint does not allege that defendants failed to undertake a reasonable accommodation to improve accessibility.  To the contrary, the opposite is true.  Upon being served with the complaint, defendant Wier reviewed plaintiffs' contentions and, as detailed in this Court's Decision and Order, proposed immediate temporary accommodations for large crowds and use of the large pavilion.  See Decision and Order at 15.  As noted by this Court, plaintiffs failed to show that these proposed modifications were not reasonable modifications to allow disabled voters to participate equally in the caucus.  See id. at 16. After the hearing, the Town readily agreed to perform modifications and consented to entry of these conditions in this Court's Decision and Order.  There is no dispute that this Court's reasonable modifications were implemented and no party has filed any objections under NYS Election Law §6-154 or raised any concerns about the caucus in a special proceeding under NYS Election Law§16-102.

### B. THE SECOND CAUSE OF ACTION FAILS TO SUPPORT A VIOLATION OF THE VOTING RIGHTS ACT

In the second cause of action, plaintiffs mistakenly alleged that the Town might charge attendees a fee to enter the Park on the evening of the caucus. See Comp. ¶s76-79. No fee was collected and no party filed objections to either the conditions or results of the caucus. See Clyne Dec. at ¶4.

### C. THE THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE

In the third cause of action, plaintiffs allege that plaintiff Eugene Napierski's rights under the Equal Protection Clause of the Fourteenth Amendment will be violated by the use of a caucus instead of a primary election. See Comp. ¶s 82-97. These assertions fail as a matter of law.[1]

As noted in this Court's Decision and Order (Dkt. No. 30), the complaint does not allege that plaintiffs were subjected to disparate treatment due to impermissible classification nor were plaintiffs members of a constitutionally protected class. The complaint simply does not allege that other similarly situated persons were treated differently. See Decision and Order at 16, citing Zahra v. Town of Southold, 48 F.3d 674, 683 (2nd Cir. 1995). The fact that other political parties use a primary does not show that plaintiffs were disparately treated. NYS Election Law §6-108(1) authorized

---

[1] Under 28 U.S.C. §2403(b), the NYS Attorney General must be placed on notice and given the opportunity to intervene where the action challenges the constitutionality of a State statute. At the preliminary injunction hearing, plaintiffs' counsel stated that the Attorney General was provided with notice that it was challenging the constitutionality of NYS Election Law. To date, neither the letter nor an affidavit of service has been filed with this Court.

defendant GDC to use the caucus method for nominating its candidates.  See Comp. ¶28. See Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 217 (1986) (holding that each state retains the power to regulate elections).  Neither plaintiff Eugene Napierski's rights as voter nor plaintiff Christine Napierski's rights as candidate for public office were violated by the holding of the July 26th caucus.

      **D.    THE FOURTH CAUSE OF ACTION THAT THE CAUCUS METHOD IS UNCONSTITUTIONAL IS WITHOUT MERIT**

In the fourth cause of action, plaintiffs allege that NYS Election Law §6-108(1) is unconstitutional because it allows for a caucus which they contend does not provide the "discrete protections" of a primary election.

While plaintiffs may prefer the alleged "discrete protections" of a primary, defendant GDC's use of the caucus method is a statutorily supported means of selecting its candidates.  Plaintiffs concede that the caucus method has few regulations.  Indeed, as outlined in NYS Election Law §6-108(3), the requirements for a caucus are simple, with only ten days prior public notice of the date, time, location, and purpose of the caucus; designating a chairman, secretary, and possible teller at the caucus; and allowing caucus participation by only enrolled party voters.  The caucus allows for nominations and allows direct interaction among enrolled party voters and prospective candidates.

In contrast, under the NYS Election Law, primary elections are far more burdensome with strict requirements for obtaining the signatures of 5% of Democratic registered voters in the Town (about 460 signatures based on plaintiffs' claim that the

Town has approximately 9,200 enrolled Democratic voters, see Comp.¶32), see NYS Election Law §6-136; filing designating petitions by a deadline, see NYS Election Law §6-134(4); filing acceptance or declination designations by a fixed date; see NYS Election Law §6-158(2); and other statutory requirements. In the end, defendant GDC's made its statutorily empowered choice for the caucus method.

### E.  THE FIFTH CAUSE OF ACTION FOR ALLEGED VIOLATION OF 42 USC §1983 IS MERITLESS

In the fifth cause of action, plaintiffs allege that use of the caucus method under NYS Election Law §6-108(1) violates 42 U.S.C. §1983 because it allegedly allows defendant GDC to make "a de facto appointment of a public official with no meaningful input from the electorate." See Comp. ¶s 104-113. Plaintiffs' argument is simply wrong.

Defendant GDC has the constitutional right to determine its method of selecting its candidates. See Burdick v. Takushi, 504 U.S. 428, 433 (1992)("The rights of individuals to associate for political purposes" is "of the most fundamental significance under our constitutional structure"); Munro v. Socialist Workers Party, 479 U.S. 189, 193 (1986). This constitutional right is buttressed by NYS Election Law §6-108(1) which allows political parties to select either a caucus or primary election to select its candidates for public office.

In NYS Board of Elections v. Lopez Torres, 552 U.S. 196 (2008), the Supreme Court held that political parties have a First Amendment right to use a candidate selection process which, in its opinion, will result in selecting a nominee who best represents its

platform.  The Court held that New York's judicial convention method for nominating judicial candidates was a permissible method of candidate selection and was not analogous to ballot access regulations that unduly inhibit an "unsupported candidate" from vying for the party's nomination.

> **F.  THE SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR ALLEGED VIOLATION OF THE NYS HUMAN RIGHTS LAW**

In the sixth cause of action, plaintiffs reprise the same allegations used in support of its ADA claim to assert a related claim under the NYS Human Rights Law.  A claim for disability discrimination under NYS Human Rights Law is governed by the same standards applicable to ADA claims.  See Hartnett v. Fielding Graduate Institute, 400 F.Supp.3d 570, 581 (S.D.N.Y. 2005).  As noted above, plaintiffs failed to show that defendants refused to undertake "reasonable modifications," see Roberts v. Royal Atlantic Corp., 445 F.Supp.2d 239 (E.D.N.Y. 2006), and, in fact, the opposite is true.

## CONCLUSION

For these reasons, defendant Wier's motion to dismiss the complaint in its entirety should be granted.

Dated:  September 19, 2018        By____s/Peter G. Barber_____
                             Peter G. Barber, Esq.
                             Bar Roll No. 301523
                             Attorneys for Defendant Gregory J. Wier
                             P.O. Box 1521
                             Albany, New York, 12203
                             Telephone:   518-369-3754