UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINE M. NAPIERSKI, an aggrieved candidate
for public office in the Democratic Party, and
EUGENE E. NAPIERSKI, an enrolled voter of the
Democratic Party residing in the Town of
Guilderland, New York,

                             Plaintiffs,


              -against-

THE GUILDERLAND DEMOCRATIC COMMITTEE,
THE ALBANY COUNTY DEMOCRATIC
COMMITTEE, JACOB CRAWFORD, Individually
and as Chairman or Acting Chairman, Guilderland
Democratic Committee, JACK FLYNN, Individually
and as Chairman, Albany County Democratic
Committee, ALBANY COUNTY BOARD OF
ELECTIONS, MATTHEW J. CLYNE, in his official
capacity as Commissioner, Albany County Board
of Elections, RACHEL L. BLEDI, in her official
capacity as Commissioner, Albany County Board
of Elections, BRYAN M. CLENAHAN, Candidate
for Guilderland Town Justice, and GREGORY J.
WIER, Candidate for Guilderland Town Highway
Superintendent,

                             Defendants.

**Case No. 1:18-cv-846
(GTS/DJS**)

═══════════════════════════════════════

# DEFENDANT GREGORY J. WIER'S REPLY
# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

═══════════════════════════════════════

                       Peter G. Barber, Esq.
                       Bar Roll No. 301523
                       Attorneys for Defendant Gregory J. Wier
                       P.O. Box 1521
                       Albany, New York, 12203
                       Telephone:    518-369-3754

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. i

PRELIMINARY STATEMENT ......................................................................... 1

ARGUMENT .................................................................................................... 1

    POINT I

        THE ACTION IS MOOT…………..………………………………… 1

    POINT II

        THE CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW….. 4

    POINT III

        THE ADA AND NYSHRL CLAIMS ARE LEGALLY FLAWED……… 9

CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Page

American Party of Texas v. White, 415 U.S. 767 (1974) …………….…………….....  8, 9

Burdick v. Takushi, 504 U.S. 428 (1992)…………………………………….……….  5

Camarillo v. Carrols Corp., 518 F.3d 155 (2nd Cir. 2008) ………………….…………  9

Clary v. Humphrey, 124 Misc. 529 (Sup. Ct. Seneca Cty 1925) …………………………  7

Clements v. Fashing, 457 U.S. 957 (1982)……………………………………………  9

Coddington v. Adelphi University, 45 F.Supp. 2d 211 (E.D.N.Y. 1999) ……………....  10

Dennin v. CIAC, 94 F.3d 96 (2nd Cir. 1996)………………………………………  2

Feldman v. Bulloch, 144 A.D.2D 102 (3rd Dept. 1988)………………………………  8

Freedom Party v. NYS Board of Elections, 77 F.3d 660 (2nd Cir. 1996)…………………  1

Haase v. Silver, 140 Fed. Appx. 274 (2nd Cir. 2005)…………………………………....  2

Lucchese v. Rotella, 97 A.D.2d 645 (3rd Dept. 1983)………………………………..…  8

Matter of Burns, 9 Misc.2d 360 (Sup. Ct. Nassau Cty 1957)…………………………  7

Matter of Freund, 53 Misc. 354 (Sup. Ct. Westchester Cty 1907)……………………  7

NYC Employees' Retirement Sys. v. Dole Food Co., 969 F.2d 1430  (2nd Cir. 1992 ...……  2

NYS Board of Elections v. Lopez Torres, 552 U.S. 196 (2008)………………..…… 5, 6, 7, 8

Petition of Waldo, 139 Misc. 510 (Sup. Ct. Madison Cty 1931) ……………………..  8

Presnick v. Bysiewicz, 297 F.Supp.2d 431 (D. Conn. 2003)………………………...  2

Roberts v. Royal Atlantic Corp., 445 F.Supp.2d 239 (E.D.N.Y. 2006)……………………  10

Tashjian v. Republican Party of Connecticut, 479 U.S. 208 (1986)………………………...  9

United Spinal Ass'n v. BOE in City of New York, 882 F.Supp.2d 615 (SDNY 2012) …...  10

Van Wie v. Pataki, 267 F.3d 109 (2nd Cir. 2001)……………………………………  2

## PRELIMINARY STATEMENT

Having failed to prevail at the July 26th caucus, plaintiffs unfortunately seek to continue this action by resorting to an unsupported attack against future caucuses by claiming that the State statute, which would allow defendant GDC to use a caucus, is unconstitutional.   No matter how plaintiffs disparage the caucus method or claim that petitioning for a primary is better, they cannot escape the legal conclusion that these contentions fall far short of the demanding burden to prove the statute unconstitutional.

## ARGUMENT

## POINT I

## THE ACTION IS MOOT

There is no dispute that the Democratic Party voters' nomination of its candidate for Town Justice at its July 26, 2018 caucus was conducted in accordance with this Court's Decision and Order (Dkt. No. 30).  Nor is there any dispute that plaintiffs neither filed objections with defendant Albany County BOE under NYS Election Law §6-154 nor commenced a special proceeding in State Supreme Court under NYS Election Law §16-102.  This action is now moot to the extent that it challenges the July 26th caucus. See Freedom Party v. NYS Board of Elections, 77 F.3d 660, 662-63 (2nd Cir. 1996).

Plaintiffs' attempt to bar defendant GDC from holding future caucuses is also moot.  To avoid dismissal, plaintiffs must prove that: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."  See Van Wie v. Pataki, 267 F.3d 109, 113 (2nd Cir. 2001).

As held in <u>New York City Employees' Retirement System v. Dole Food Co.</u>, 969 F.2d 1430, 1435 (2nd Cir. 1992), "[w]here prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." No appeal was filed by plaintiffs. But even if this failure is excused, this action, which is solely focused on a caucus involving specific candidates at a specific location, is equally moot to the extent it could be construed as an action against future caucuses.

First, whether defendant GDC may use a caucus or primary for Democratic Party voters to choose their future candidates is an open question. NYS Election Law §6-108(1) allows defendant GDC alone to change the nomination process from a properly noticed caucus or allows candidates to petition for a primary.

Second, whether a future caucus would be held at the same location is sheer speculation. But even if it were, plaintiffs offer no argument that defendants would not adhere to the same modifications embodied in this Court's Decision and Order. <u>See</u> <u>Haase v. Silver</u>, 140 Fed. Appx. 274, 276 (2nd Cir. 2005); <u>Presnick v. Bysiewicz</u>, 297 F.Supp.2d 431, 435 (D. Conn. 2003). Nor can plaintiffs reasonably argue that the Town, a non-party, which voluntarily offered and consented to the Court's modifications, would not make additional reasonable accommodations.

Third, whether a future caucus would involve the "same complaining party" is even more speculative. <u>See Dennin v. CIAC</u>, 94 F.3d 96 (2nd Cir. 1996)("[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence."). The

2

complaint is singularly focused upon plaintiffs' participation at the July 26th caucus and the 2018 election, and makes no reference to a future candidacy.

Fourth, plaintiffs' response offers no justification for requiring defendant Wier to bear the expense and time to remain as a party in this action.  Defendant Wier was named as a necessary defendant because he was defendant GDC's endorsed candidate for Highway Superintendent.  Defendant Wier received the nomination of Democratic Party voters at the caucus, and no person filed any objection to the caucus results.  See Clyne Dec. at ¶4.  Indeed, "Plaintiffs concede that they have no active case or controversy directly against him at this time, and have not sought any relief against him."  See Pl. Response at 9.  Defendant Wier is no longer a necessary party and should not be required to bear the expense of continued participation in this action.

Plaintiffs obdurately refuse to dismiss this action against defendant Wier upon the ground that he might be necessary for remedy purposes.  This argument is specious at best and even more so since the Town is not even a defendant.   Defendant Wier is the Highway Superintendent and not an election commissioner like in the sole case cited by plaintiffs.  With the July 26th caucus results final, defendant Wier's role in a future elective process is not even ministerial; it is non-existent.

## POINT II

## THE CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW

Even if the action is not moot, plaintiffs' disjointed attempts to sustain a viable constitutional claim are legally flawed.  Plaintiffs' response oddly starts with the flawed

3

argument that voters eligible to participate in the July 26th vote could have been discouraged from attending by the perceived requirement for a resident sticker or fee to enter the Park.

Plaintiffs concede, however, that neither a sticker nor a fee was required for attending the caucus.  <u>See</u> Pl. Response at 10 & n.1.  Plaintiffs now complain that the lack of public notice about the fee and sticker before the July 26th caucus could have dissuaded voters from attending.  If plaintiffs were truly concerned about this issue, they could have asked for public notice of the lack of fee in the agreed-upon caucus conditions in this Court's Decision and Order.  But once again, no objections to the July 26th caucus were timely raised.  Nor do plaintiffs have any basis to speculate that a fee or sticker would be required for future caucuses or, if requested, public notice of a fee waiver would not be provided.  As a result, plaintiffs' Second Cause of Action must fail.

Plaintiffs' response next mistakenly contends that NYS Election Law §6-108(1) is unconstitutional[1] because it would allow defendant GDC to hold future caucuses which plaintiffs contend would be inferior to primaries.  Simply put, whether the caucus or primary is the better method for nominating candidates is a choice entrusted to defendant GDC by the Constitution and NYS statute.

---

[1]   In a Notice dated October 31, 2018 (Dkt. No.57), plaintiffs served a copy of plaintiffs' response to defendants' motions (Dkt. No. 56) on the NYS Attorney General, pursuant to Fed.R.Civ.P. 5.1(a), upon the ground that the response challenges the constitutionality of NYS Election Law §6-108.  Under Fed.R.Civ. P 5.1(c), the Attorney General has 60 days to intervene but this Court is allowed to reject the constitutional claim before the time to intervene expires.

In Burdick v. Takushi, 504 U.S. 428, 433 (1992), the Supreme Court emphasized that the "rights of individuals to associate for political purposes" is "of the most fundamental significance under our constitutional structure."  Defendant GDC's constitutional right of political association is supported by NYS Election Law §6-108(1) which empowered it to choose either a caucus or primary election to select its candidates. Not surprisingly, the Supreme Court has held that: "We have… considered it to be 'too plain for argument' that a State may prescribe party use of primaries or conventions to select nominees who appear on the general-election ballot."  NYS Board of Elections v. Lopez Torres, 552 U.S. 196 (2008) (citation omitted).

Assuming defendant GDC decides to hold future caucuses, the issue for this Court is not whether that future choice would be correct or whether the primary process might be better, but whether the caucus method is constitutional.  In Lopez Torres, 552 U.S. at 205-06, the Supreme Court rejected the argument, similar to plaintiffs' core argument here, by a challenger who sought a Court-imposed primary in lieu of a convention (akin to a party caucus) for choosing the Democratic Party's candidate for NYS Supreme Court Justice.  Like here, see Comp. ¶s 107-108, plaintiffs argued that "New York's election law burdened the rights of challengers seeking to run against candidates favored by party leadership, and deprived voters and candidates of their rights to gain access to the ballot and to associate in choosing their party's candidates."  See  Lopez Torres. 552 U.S. at 201.  And like here, see Comp. ¶s 109-111, plaintiffs asserted that party leadership has advantages for garnering support for its preferred candidate, that the caucus method does

5

not give them a realistic chance to win the party's nomination, and that the party

leadership "effectively determines the nominees." See <u>Lopez Torres</u>. 552 U.S. at 201<u>.</u>

> In rejecting plaintiffs' arguments, the Court held:
>
> But this says nothing more than that the party leadership has more
> widespread support than a candidate not supported by the leadership.  No
> New York law compels election of the leadership's slate. … And no state
> law prohibits an unsupported candidate from attending the convention and
> seeking to persuade delegates to support her.
> …
>
> None of our cases establishes an individual's constitutional right to have a
> 'fair shot' at winning the party's nomination.  And with good reason.  What
> constitutes a 'fair shot' is a reasonable enough question for legislative
> judgment, which we will accept as long as it does not too much infringe
> upon the party's associational rights.

<u>Id.</u> at 205-06.

Like the candidate for NYS Supreme Court Justice in <u>Lopez Torres</u>, 552 U.S. at

204, no provision of NYS Election Law has barred plaintiff Christine Napierski from

seeking election as Town Justice.  Plaintiff Christine Napierski sought the Democratic

Party's nomination at the July 26th caucus.  <u>See</u> Clyne Dec. Exh. A.  Plaintiff Christine

Napierski also participated in Independence and Women's Equality Party's primaries (<u>see</u>

http://app.albanycounty.com/boe/electionresults/default.asp?type=2018.  Plaintiff

Christine Napierski also is the Conservative Party's candidate in the general election (<u>see</u>

http://app.albanycounty.com/boe/electionresults/default.asp?type=2018g.).

The Court also observed that the NYS Legislature has a long lasting dislike for the

primary process dating back to 1921, noting that the primary system was criticized as a

"device capable of astute and successful manipulation by professionals" id. at 200.  More

importantly, the Court recognized that the Legislature had thrice (in 1846, 1911, and

1921) reconsidered the selection process for NYS Supreme Court Justices and had not

required the use of a primary, id. at 209.  As a result, the Court concluded:

> We are not inclined to open up this new and excitingly unpredictable
> theater of election jurisprudence.  Selection by convention has been a
> traditional means of choosing party nominees.  While a State may
> determine it is not desirable and replace it, it is not unconstitutional.

Id. at 206-07.

Like the NYS Election Law statute at issue in Lopez Torres, 552 U.S. at 209, the

NYS Legislature, for over a century, has consistently allowed local parties the option

between a caucus and primary for nominating candidates for Town offices.  Beginning (at

least) with Chapter 909 of the Laws of 1896, NYS Election Law has provided for local

party nominations by convention or primary.  See Matter of Freund, 53 Misc. 354 (Sup.

Ct. Westchester Cty 1907).  When next considered during a subsequent revision by

Chapter 588 of the Laws of 1922 and Chapter 342 of 1926, the Legislature continued to

allow County committees to choose between a caucus and primary for local offices.  See

Matter of Burns, 9 Misc.2d 360 (Sup. Ct. Nassau Cty 1957); Clary v. Humphrey, 124

Misc. 529, 530 (Sup. Ct. Seneca Cty 1925); Petition of Waldo, 139 Misc. 510, 511 (Sup.

Ct. Madison Cty 1931).  In Chapter 352 of the Laws of 1982, the Legislature again

reconsidered the issue and enacted current NYS Election Law §6-108 which extended the

choice between a caucus and primary to Town parties in the absence of County

7

committee rules.  See Feldman v. Bulloch, 144 A.D.2D 102, 103 (3rd Dept. 1988);

Lucchese v. Rotella, 97 A.D.2d 645 (3rd Dept. 1983).  The Legislature did not change this

choice when NYS Election Law §6-108 was amended by Chapter 160 of the Laws of

1996.  As in Lopez Torres, 552 U.S. at 209. the NYS Legislature's repeated reiteration,

dating back to 1896, of the local party's choice between a caucus or primary is entitled to

great deference and should not be disturbed.

Plaintiffs' response next contends that their right to equal protection under the law

would be violated if defendant GDC might choose to use caucuses in the future to

nominate its candidates while other local political parties might choose to use primaries.

In American Party of Texas v. White, 415 U.S. 767, 782-783 (1974), the Court held that a

statute which required "minor" parties to choose candidates by convention while "major"

parties could use a primary did not violate the Equal Protection Clause.

This argument also again ignores the fact that the choice between the merits of a

caucus[2] or primary[3] has long been entrusted to local parties under NYS Election Law §6-

---

[2]  NYS Election Law §6-108(3)'s requirements for a caucus are simple, with only ten days prior public notice of the date, time, location, and purpose of the caucus; designating a chairman, secretary, and possible teller at the caucus; and allowing caucus participation by only enrolled party voters.  The caucus allows for nominations and allows direct interaction among enrolled party voters and prospective candidates.

[3] NYS Election Law's requirements for a primary are far more burdensome with strict requirements for obtaining the signatures of 5% of Democratic registered voters in the Town or about 460 signatures based on plaintiffs' claim, see Comp.¶32, that the Town has approximately 9,200 enrolled Democratic voters. See NYS Election Law §6-136. The petition process imposes restrictions on designating a candidate, see id.§6-120, form of designating petition, see id.§6-132, and rules for signing a petition, see id.§6-134. The petition process has other statutory onerous requirements including filing designating petitions by a deadline, see id.§6-134(4), and filing acceptance or declination designations by a fixed date, see id. §6-158(2).

8

108(1) and its predecessor statutes dating back to 1896, <u>see</u> <u>Tashjian v. Republican Party</u> <u>of Connecticut</u>, 479 U.S. 208, 217 (1986), and that the future use of the caucus method, as discussed above, is constitutional.

But in the end, the choice between two competing constitutional options rests with defendant GDC and not with plaintiffs.  And while plaintiffs concede that these different choices by various Town parties are not "inherently unconstitutional," <u>see</u> Pl. Response at 17, they also simply cannot show that these discretionary choices, which are based upon long-standing statutory authority, were "invidious, arbitrary, or irrational." <u>Clements v. Fashing</u>, 457 U.S. 957, 967 (1982); <u>American Party of Texas</u>, 415 U.S. at 781-782 ("If claiming an equal protection violation, the appellants' burden was to demonstrate in the first instance a discrimination against them of some substance."). Given this backdrop, plaintiffs' Third, Fourth and Fifth Causes of Actions should be dismissed as meritless.

<u>POINT III</u>

<u>THE ADA AND NYSHRL CLAIMS ARE LEGALLY FLAWED</u>

At the outset, the Complaint contends that defendant "GDC selected an ADA non-compliant location," <u>see</u> Comp. Prel. St., and that defendant GDC chose to hold its caucus at Tawasentha Park and paid the use fee, <u>see id.</u> at ¶s 31, 68, 69.  Inasmuch as, none of the other defendants "owns, leases or operates" a place of public accommodation under 42 U.S.C. §12182(a) of the Americans with Disabilities Act ("ADA"), these actions should be dismissed against the other defendants.  See <u>Camarillo v. Carrols Corp.</u>,

9

518 F.3d 155, 156 (2nd Cir. 2008); <u>Coddington v. Adelphi University</u>, 45 F.Supp. 2d 211, 215 (E.D.N.Y. 1999).

Plaintiffs' response also fails to acknowledge that successful claims under the ADA and NYS Human Rights Law both require a pre-action request by plaintiffs to defendants for a reasonable accommodation **and** a failure by defendants to undertake some feasible measure to improve accessibility. <u>United Spinal Ass'n v. Board of Elections in City of New York</u>, 882 F.Supp.2d 615 (S.D.N.Y. 2012). Plaintiffs concede that they made no request for accommodations prior to commencing this action. Nor can plaintiffs dispute that defendant Wier voluntarily proposed temporary accommodations which were incorporated into this Court's Decision and Order. <u>Roberts v. Royal Atlantic Corp.</u>, 445 F.Supp.2d 239 (E.D.N.Y. 2006). As such, plaintiffs' First and Sixth Causes of Action fail as a matter of law.

## CONCLUSION

For these reasons, defendant Wier's motion to dismiss the complaint in its entirety should be granted.

Dated:  November 5, 2018          By____*s/Peter G. Barber*_____
                                                Peter G. Barber, Esq.
                                                Bar Roll No. 301523
                                                Attorneys for Defendant Gregory J. Wier
                                                P.O. Box 1521
                                                Albany, New York, 12203
                                                Telephone:   518-369-3754